FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 16 AM 9: 39

TIMOTHY M. BURGESS
United States Attorney

JOSEPH W. BOTTINI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
(907) 271-5071

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) No. A03-109 CR (RRB) |
|  | ) |
|  | ) **GOVERNMENT'S** |
| Plaintiff, | ) **SUMMATION BRIEF** |
|  | ) |
| vs. | ) |
|  | ) |
| LIDIA LIDETH ORTIZ, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

COMES NOW Plaintiff United States of America, and submits this

summation brief regarding the December 7, 2005, evidentiary hearing on

defendant Lidia Ortiz's Motion to Vacate, Set Aside, or Correct her sentence

pursuant to 28 U.S.C. § 2255.



In short, the defendant established absolutely nothing at the evidentiary hearing to support her claim that she received ineffective assistance of counsel from her trial attorney. Her earlier assertions about Mr. Wonnell's conduct were either completely refuted at the hearing or were simply abandoned by her. If anything is clear after the hearing it is that Mr. Wonnell did an exceptional job for Ms. Ortiz and was anything but ineffective.

The government had an overwhelming case against Ms. Ortiz before Wonnell even entered into the picture. She had, in essence, confessed immediately after her arrest when she agreed to cooperate and call a source of supply for the crack she was selling. Aside from the fact that she had inasmuch admitted to being a drug dealer, the government had insurmountable evidence against her - starting with a number of videotapes of her selling large amounts of crack cocaine to an undercover federal agent on multiple occasions.[1]

Recognizing that her chances of beating the case were de minimis, Wonnell did what any competent attorney would have done - he advised Ortiz to continue cooperating with the government while he tried to negotiate the best plea deal he

---

[1] As discussed at the hearing, due to the large amount of crack cocaine which Ortiz was responsible for distributing, she faced a statutory mandatory minimum sentence of **10 years - up to Life in Prison**, and an unadjusted Sentencing Guideline range of **168 to 210 months** in prison.

2

could get for her. That plea agreement, which allowed Ms. Ortiz to significantly

cut her custody exposure, contained standard clauses which Ms. Ortiz now

complains about. Specifically, the plea agreement included an appellate waiver

and a limitation on how much time she could get off for cooperating. These

clauses are "boilerplate" terms of plea agreements in this district (and have been

for several years) and it was certainly was not Mr. Wonnell's fault that the

government required those provisions in the contract. He did the best that he or

any other attorney could have done for her under the circumstances.

Ortiz's earlier assertions that Wonnell didn't talk to her about the pros and

cons of going to trial with her were proven to be false. The evidentiary hearing

also established that Wonnell *did* go through the plea agreement with her (with a

Spanish interpreter) prior to her change of plea hearing and that he explained the

terms to her.

Indeed, the record of the Change of Plea hearing before Judge Beistline on

October 7, 2003, shows that Judge Beistline also went through all of the essential

terms of the plea agreement with Ortiz, including the appellate waiver language,

the applicable mandatory minimum and maximum penalties, and the sentencing

guidelines estimates. The court also ascertained that the entire agreement had

been read to her in Spanish before she signed it. Under oath at the Change of Plea

3

hearing, Ortiz told Judge Beistline that she was satisfied with Mr. Wonnell's representation of her.

Under the two prong test of Strickland v. Washington, 466 U.S. 668 (1984), the defendant must establish both that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment, Id. at 687, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. To establish prejudice, Ortiz must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694. Or, in other words, but for her attorney's alleged deficient performance, she would not have been convicted or have received the sentence that she did. A reasonable probability is one "sufficient to undermine confidence in the outcome." Id.

Ortiz has now acknowledged that just about all of the allegations she initially made against Wonnell were false. She never attempted to meet her burden under Stickland to demonstrate that the results of this case would have been different had Mr. Wonnell acted differently.

There is absolutely nothing in the record to support Ortiz's contention that Wonnell made any errors or omissions which prejudiced her. This is a classic

4

example of a defendant who was well represented at trial, got what amounts to a great deal, and still thought she should have gotten more. So, she goes off to prison, no doubt talks to other inmates, and decides to "blame it on her lawyer" that she didn't get all that she wanted. This whole proceeding amounts to a gross abuse of § 2255 by this defendant.

## IV.    CONCLUSION

For the foregoing reasons, the United States submits that Lidia Ortiz's Motion to Vacate her Sentence, filed pursuant to 28 U.S.C. § 2255, completely lacks merit and must be denied.

RESPECTFULLY SUBMITTED this 16th day of December, 2005, at Anchorage, Alaska.

TIMOTHY M. BURGESS
United States Attorney

JOSEPH W BOTTINI
Assistant U.S. Attorney

I declare under penalty of perjury that a true and correct
copy of the foregoing was sent to the following counsel
of record on December 16, 2005, via:

      (X) Facsimile Transmission
      (X) U.S. Mail

Meredith Ahearn, Esq.
310 K St. Suite 400
Anchorage, AK 99501
FaxL 278-8732

Executed at Anchorage, Alaska, on December 16, 2005

_____
Legal Assistant
Office of the U.S. Attorney