HAGANS, AHEARN & WEBB
310 K Street, Suite 400
Anchorage, AK 99501
907-276-5294 telephone
907-276-8732 fax

Meredith A. Ahearn
Attorney for Defendant

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 16 PM 3: 16

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. A03-109-CR (RRB) |
| ) | |
| LIDIA LIDETH ORTIZ, aka "Uly", ) | |
| ) | |
| Defendant. ) | |
| ) | |

### HEARING ARGUMENT

Ms. Ortiz filed a petition to modify sentence pursuant to 28 USC § 2255, alleging ineffective assistance of counsel. At hearing, Ms. Ortiz's trial counsel, Burke Wonnell, testified that he had assisted Ms. Ortiz in providing confidential information to the government. Both he and Ms. Ortiz testified that she met with the government officials on a number of occasions. Mr. Wonnell believed that he was there on all of those occasions. Ms. Ortiz was certain he was there at least part of the time, but was uncertain as to whether or not he was there on all of those occasions.



Because of her cooperation with the government, the government did request a reduction in her sentence below the mandatory 10-year minimum, and Ms. Ortiz was sentenced to 65 months. According to Mr. Wonnell's testimony, Ms. Ortiz did appear somewhat confused about the entire process and what was expected of her. Ms. Ortiz does not speak English, and requires an interpreter. Apparently, the Plea Agreement was read to Ms. Ortiz, but she did not have a written translation, so she had no opportunity to read it or to go back and re-read specific parts and think about prior to signing. She did testify, however, that Mr. Wonnell was available to answer any questions she had about it at the time that it was read to her.

Ms. Ortiz testified that she had no opportunity to read the Presentence Report, and it was not translated for her. Ms. Ortiz testified that Mr. Wonnell did not meet with her prior to her sentencing hearing and that she was surprised by the sentence. She further testified that she called Mr. Wonnell's office to meet with him with regard to filing an appeal of her sentence, but that when Mr. Wonnell came to see her at the jail, he advised her that there was no appeal to be taken since Ms. Ortiz had waived her right to appeal in the Plea Agreement. At hearing Ms. Ortiz seemed somewhat confused about what a waiver meant and that she had waived that right. At hearing this confusion may have been in part because of the trial judge's required advice to a criminal defendant that that defendant has a right to appeal.

Mr. Wonnell testified that Ms. Ortiz appeared to have trouble focusing and that she called his office on many occasions. His prior secretary spoke Spanish, but if she was not available, there was no one there to speak with Ms. Ortiz. Mr. Wonnell elected to file no pretrial motions on Ms. Ortiz's behalf because he felt that the government had a strong case and that there was no opportunity for a suppression motion.

Ms. Ortiz believes that she was aware of the Indictment, but does not recall whether it was translated for her orally or in writing.

Ms. Ortiz appeared to be generally confused and uncertain about the entire process. For example, she at one time believed that Mr. Wonnell would be able to do something about her immigration status. She obviously believed she had a right to appeal, even though she had waived that right. She cooperated with the government and did receive a reduction in sentence for her cooperation, but, based upon her recollection of conversations with Mr. Wonnell, believed that it would a much greater reduction than was granted, even though she seemed uncertain as to whether or not she knew that no more than a 50% reduction could be granted under the terms of the Plea Agreement. At sentencing, the trial judge went through the Plea Agreement with Ms. Ortiz and made an effort to insure that she understood its terms and conditions. Whether or not Ms. Ortiz was merely answering in the affirmative or whether or not she really understood exactly what she was hearing is problematic.

LAW OFFICES OF
HAGANS, AHEARN & WEBB
310 K STREET, SUITE 400
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5294
Fax (907) 276-8732

U. S. v. Ortiz, Case No. A03-109-CR (RBB)  
Hearing Argument

Under the holdings in <u>Strickland v. Washington</u>, Ms. Ortiz must not only show that her attorney's representation fell below an objective standard expected of attorney representation, but must also show that she was prejudiced by that failure. <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984). In assessing the prejudice prong of the <u>Strickland</u> test in this case, it is very difficult to know whether or not counsel's performance affected the outcome of the plea process and whether or not Defendant would have opted to go to trial, had she been more fully advised of the process and fully understood the consequences of her actions.

DATED at Anchorage, Alaska, this __15__ day of December 2005.

HAGANS AHEARN & WEBB
Attorneys for Defendant

By: _____M A Ahearn_____
Meredith A. Ahearn
ABA No. 6903001

**CERTIFICATE OF SERVICE**

I certify that on the ___ day of December 2005, a copy of the foregoing document was served by mail on:

Joseph Bottini
Assistant U.S. Attorney
Federal Building U.S. Courthouse
222 West 7th Avenue, #9 Room 253
Anchorage, AK 99513-7567

_____

Hagans, Ahearn & Webb
*6439*

U. S. v. Ortiz, Case No. A03-109-CR (RBB)
Hearing Argument